IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BLANCA I. CAMACHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-456 |
| ) | |
| GEORGE PABEY, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss in Part Plaintiff's Complaint, filed by Defendants, George Pabey and Fred Vasquez, on March 23, 2006. For the reasons set forth below, this motion is **GRANTED**. Accordingly, Plaintiff's Title VII claims against Pabey and Vasquez, in their individual capacities, are **DISMISSED**.

BACKGROUND

Plaintiff, Blanca I. Camacho, initially filed suit in Lake Superior Court against Defendants, George Pabey in his individual and official capacity, Fred Vasquez in his individual and official capacity, the City of East Chicago, and the City of East Chicago Health Department. Subsequently, this case was removed here.

In her complaint, Camacho alleged Defendants wrongfully

terminated her from her employment with the City of East Chicago, in violation of her rights guaranteed by the First Amendment of the United States Constitution, the Indiana Constitution, and Title VII of the 1964 Civil Rights Act, as amended. Relevant to the instant inquiry, Camacho alleges Pabey, who was mayor of East Chicago, and Vasquez, who acted as director of human resources of the City of East Chicago, terminated her due to her gender, in violation of Title VII.

Pabey and Vasquez have filed the instant motion requesting the Title VII claims asserted against them in their individual capacities be dismissed. While given an opportunity, Plaintiff has opted not to respond to the instant motion.

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere

vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case. *Id.*

To start, Camacho has failed to file a response to the instant motion, subjecting herself to a summary ruling. N.D. Ind. L.R. 7.1(a). In any event, her Title VII claims against Pabey and Vasquez, in their individual capacities fail. According to allegations contained in the complaint, Camacho was employed by the City of East Chicago until she was discharged by Vasquez on the order of Pabey. (Compl. ¶ 3). While the City of East Chicago may be liable for her discharge, the individuals doing the firing – Pabey and Vasquez – may not. *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995). Accordingly, the Title VII claims against Pabey and Vasquez in their individual capacities cannot stand.

CONCLUSION

For the reasons set forth above, Defendants' motion is **GRANTED.**

Accordingly, Plaintiff's Title VII claims against Pabey and Vasquez, in their individual capacities, are **DISMISSED**.

**DATED:  June 22, 2006**          **/s/RUDY LOZANO, Judge**
                                    **United States District Court**