# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BLANCA I. CAMACHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause Number: 2:05-CV-456 JVB |
| ) | |
| CITY OF EAST CHICAGO and ) | |
| FRED VASQUEZ, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

  Plaintiff Blanca Camacho, a former City of East Chicago inspector, proved her claims to the Jury that Defendants City of East Chicago and Fred Vasquez unlawfully fired her for exercising her First Amendment rights. The Jury returned a verdict for the Plaintiff against the City and Vasquez in the amount of $225,000 in compensatory damages and against Vasquez in the amount of $25,000 in punitive damages. Before the case was submitted to the Jury, the Defendants moved under Federal Rule of Civil Procedure 50 for a directed verdict, but the Court denied that motion on August 1, 2008, and entered the judgment on the verdict.

  Since then, the Plaintiff moved for a prejudgment interest, to recover her attorney's fees, and to be reinstated as a city inspector. The Court is ready to rule on the first two motions, but needs more argument on the third one.

**A. Prejudgment Interest**

  On August 15, 2008, the Plaintiff moved for a 5% prejudgment interest on the

compensatory damages award of $225,000. In responding, the Defendants did not object to the proposed interest rate but they do argue that, if the Plaintiff is awarded the prejudgment interest, it should be limited to the corpus of $33,070.97 as that is the only identifiable amount of the Plaintiff's lost wages. In her Reply, the Plaintiff concedes that her prejudgment interest is limited to 5% of $33,070.97, which from April 22, 2005, through August 1, 2008, yields an amount of $5,549.57.

Since the amount of lost wages can be reasonably ascertained in this case, the award of the prejudgment interest on that amount is consistent with the law in this Circuit. *See Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 198–99 (7th Cir. 1987) (remanding case to District Court to find out if the minimum back pay amount can be ascertainable so as to award plaintiff prejudgment interest); *see also E.E.O.C. v. Corinth, Inc.*, 824 F. Supp. 1302, 1311–1312 (N.D. Ind. 1993) ("In cases involving violations of the federal civil rights laws, prejudgment interest is available as a matter of course on an award of back pay, so long as this amount is 'readily determinable.'"). Therefore, the Court will award the Plaintiff $5,549.57 in prejudgment interest (5% of $33,070.97 covering the period of time from April 22, 2005, until August 1, 2008).

**B. Attorney's Fees**

Also on August 15, 2008, the Plaintiff petitioned for attorney's fees in the amount of $137,424.55. On October 14, the Plaintiff amended her petition to request $112,805.80 instead. The Defendants filed a response indicating that they do not object to the latter request. Accordingly, the Court will grant the Plaintiff's amended petition. However, the payment of the Plaintiff's attorney's fees will be stayed until the final resolution of this case.

### C. Plaintiff's Reinstatement

The final judgment in this case was entered on August 1, 2008. On August 28, the Plaintiff moved to be reinstated to her former position as an inspector for the City of East Chicago. In their Response, the Defendants argue that the motion is untimely as it should have been filed within ten days of the entry of final judgment, pursuant to Federal Rule of Civil Procedure 59(e).

The Plaintiff failed to respond to the Defendants' contention. Nevertheless, the Court will grant leave to the Plaintiff to file a reply in support of her motion. The reply must be limited to the issue of whether the Plaintiff's motion was timely.

### D. Conclusion

The Court grants the Plaintiff's Motion for Prejudgment Interest (DE 120) and awards the Plaintiff $5,549.57 in prejudgment interest.

The Court also grants the Plaintiff's Amended Motion for Attorney's Fees (DE 140) and awards the Plaintiff $112,805.80 in attorney's fees against Defendants City of East Chicago and Fred Vasquez. However, the payment of the fees is stayed until final resolution of this case.

Finally, the Court grants leave to the Plaintiff to file by November 10, 2008, a reply in support of her motion for reinstatement that is limited to the issue of the timeliness of the motion (DE 121).

SO ORDERED on October 31, 2008.

       s/Joseph S. Van Bokkelen  
       Joseph S. Van Bokkelen  
       United State District Judge